UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO ARREDONDO,

     Plaintiff,

vs.                                                                 Case No. 13-11433

GENERAL MOTORS LLC,                                    HON. AVERN COHN

     Defendant.

_____/

## MEMORANDUM AND ORDER DENYING
## DEFENDANT'S MOTION TO DISMISS (Doc. 7)

### I. INTRODUCTION

This is an employment case claiming race and national origin discrimination. Plaintiff is proceeding *pro se*. He claims that after working for Defendant for fourteen years, he was terminated from his position because he is Mexican-American. Now before the Court is Defendant's motion to dismiss the complaint (Doc. 7). The motion is DENIED. The reasons follow.

### II. BACKGROUND

On March 29, 2013, Plaintiff filled out the form complaint provided by the Court for Title VII cases in which he states that he filed charges with the Equal Employment Opportunity Commission ("EEOC") and obtained a right to sue letter on January 31, 2013 (Doc. 1). He did not attach the right to sue letter to the complaint.

On the same day, Plaintiff filed an application to proceed *in forma pauperis* (Doc. 2) and an application for appointment of counsel (Doc. 3). The Court granted Plaintiff's application to proceed *in forma pauperis* and directed the United States Marshal to issue

the summons for service of the complaint on the Defendant.  (Doc. 4).  However, the Court denied Plaintiff's application for appointment of counsel (Doc. 5).

The following facts are gleaned from Plaintiff's complaint.  As an employee of Defendant, Plaintiff was discriminated against based on his race and national origin. Plaintiff alleged that the discriminatory acts occurred from 2002 until his employment was terminated on March 5, 2012.  Plaintiff filed charges with the Michigan Civil Rights Commission on October 21, 2011 and March 6, 2012.  Plaintiff also filed charges with the EEOC on October 21, 2011 and March 6, 2012.  He received a right to sue letter from the EEOC on January 31, 2013.

In Plaintiff's response to Defendant's motion to dismiss (Doc. 12), he explains in more detail the facts giving rise to his discrimination claims.  Plaintiff contends that, despite passing required tests, he was removed from his position from working on the dock and ultimately terminated.  He stated that Defendant removed him from his position because he is Mexican-American.   Plaintiff specifically states that, two weeks before he was dismissed, he was sitting near the team leader during his ten-minute break and overheard the team leader talking on the radio with Leonard Piecuch, the supervisor.  During this conversation, Plaintiff says he heard the team leader and Piecuch talk about needing to get rid of Plaintiff because he is Mexican-American.  As explained by Plaintiff in his response brief,

> Two weeks before dismissal, I was sitting at a picnic table on my 10 minute break.  There is a desk area under the stairway with a landing.  The team leader has a desk and computer under the stairway landing.  I am sitting at a picnic table 10 to 12 feet from his computer/desk area.  He saw me sitting there. He receives a call on his radio/walkie talkie.  It is from the Supervisor: Leonard R. Piecuch.  I can hear this.  It is loud.

2

Leonard states: "We stuck-with this lazy Mexican[.]"

I see him on the landing stairwell with his radio, looking at me,
still talking staring at me, while having this radio conversation.
The team leader responds on radio "We need to get rid of him."
Leonard replies on the radio "I'm here above you."  He is on
the sta[i]rwell landing.  They see each other and start laughing
loudly.  The next day of work, I was approached by a co-worker
in my department named "Nicky" a woman (African American)
Fork Lift driver, she states: "We stuck with you."

In addition to the above, Plaintiff claims that he was intentionally set up to fail so that Defendant could manufacture a reason to fire him.  Thus, Plaintiff contends that he was written up numerous times as a cover up for Defendant's race and national origin discrimination.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft*

3

*v. Iqbal*, 556 U.S. 662, 678 (2009).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 679 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Id.* (internal quotation marks and citation omitted).  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Id.* at 678 (internal quotation marks and citation omitted).

When reviewing *pro se* papers, the Court must employ standards less stringent than if the complaint had been drafted by counsel.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Puckett v. Cox*, 456 F.2d 233 (6th Cir. 1972).  However, under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009).  Thus, "[p]ro se plaintiffs are not automatically entitled to take every case to trial."  *Price v. Caruso*, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting *Pligrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

## IV. DISCUSSION

Here, Plaintiff filled out the form provided to him by the Court for Title VII employment discrimination cases.  When read together with Plaintiff's response to Defendant's motion to dismiss, it is evident that Plaintiff is claiming he was discriminated

4

against and ultimately terminated by Defendant because of his race and national origin. Plaintiff has provided specific facts, which, if accepted as true, support his theory. Plaintiff has, therefore, stated a plausible entitlement to relief.

That Plaintiff did not attach a copy of the EEOC to the complaint appears to be an oversight and is not fatal to his claim. Plaintiff shall file a copy of the EEOC within fourteen days of entry of this order.

Whether Plaintiff can proffer sufficient evidence to support his theory is yet to be seen. However, he has met his burden in stating a plausible entitlement to relief.

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: August 21, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 21, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami
Case Manager, (313) 234-5160

5